IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles E. Junious, | ) C/A No. 9:13-1948-RMG-BM |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Warden Michael McCall, *Lee Correctional Institution*, | ) |
| Respondent. | ) |

Petitioner, Charles E. Junious, a state prisoner at the Lee Correctional Institution of the South Carolina Department of Corrections in Bishopville, South Carolina, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is proceeding pro se and in forma pauperis.

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under established local procedure in this judicial district, this review has been conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed the instant Petition on July 16, 2013, challenging his five convictions (two counts of murder; first degree burglary; possession of a firearm during the commission of a violent crime; and unlawful carrying of a pistol) in Clarendon County General Sessions Court, following Petitioner's guilty plea in State v. Junious, C/A No. 2008-GS-14-0095. Petitioner alleges that he pled guilty on November 29, 2007, and was sentenced on January 26, 2009, to life imprisonment. Petition, ECF No. 1, p. 1. The Clarendon County Third Judicial Circuit Public Index confirms that Petitioner was arrested on the five charges on November 29, 2007, indicted on December 13, 2007, and pled guilty on January 26, 2009. See http://publicindex.sccourts.org/Clarendon/PublicIndex/PISearch.aspx (last visited Sept. 12, 2013); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) [a federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)].

2

Petitioner alleges that he did not file a direct appeal, but did file an application for post-conviction relief ("PCR") in Clarendon County Common Pleas Court, docketed as C/A No. 2009-CP-14-00574. Petition, ECF No. 1, p. 2. Petitioner alleges that his PCR hearing was held on March 19, 2012, and the PCR application was dismissed on July 13, 2012. Id. Petitioner alleges that the grounds raised in his state court PCR action were: "Ineffective Assistance of Counsel Mental Incompetent Counsel was ineffective when he failed to file for an Direct Appeal." Id. Petitioner's federal Petition does not indicate whether he filed a petition for writ of certiorari to the South Carolina Supreme Court to appeal the denial of his PCR application; however; the Clarendon County Third Judicial Circuit Public Index indicates that Petitioner's PCR action was dismissed on May 21, 2012, and that no appeal was filed. See http://publicindex.sccourts.org/Clarendon/PublicIndex/PISearch.aspx (last visited Sept. 12, 2013).

When Petitioner filed the instant Petition, he failed to submit either the $5 habeas filing fee or a signed Application to Proceed in forma pauperis. Therefore, on August 21, 2012, the undersigned issued an Order (ECF No. 7) directing Petitioner to bring the case into proper form by submitting a fully completed, signed, and dated Form AO-240 (application to proceed in forma pauperis) or by paying the filing fee, and also by submitting fully completed, signed, and dated Answers to the Court's Special Interrogatories, so it could be determined whether Petitioner fully exhausted his state court remedies prior to initiating this habeas action. On September 4, 2012, Petitioner partially complied with the Court's Order by filing a signed Form AO 240 (ECF No. 2-2). He also filed a Motion for an Extension of Time to Submit Answers to the Court's Special Interrogatories (ECF No. 9). By Order dated September 6, 2013 (ECF No. 12), Petitioner's Motion



3

for Leave to Proceed in forma pauperis (ECF No. 2) was granted, and Petitioner was given an additional period of time in which to submit his Answers to the Court's Special Interrogatories.

On September 9, 2013, Petitioner filed his sworn Answers to the Court's Special Interrogatories (ECF No. 14), in which he states that he did not file an appeal (petition for writ of certiorari) to the South Carolina Supreme Court from the denial of his PCR application. Petitioner states that he did not file a petition for writ of certiorari because "Petitioner was under counsel. And thought his Counsel filed an 59(e) motion, Petitioner didn't have any foreknowledge to no to file an Writ of Habeas Corpus (Federal)." Answers to Court's Special Interrogatories, ECF No. 14, p. 2.

Petitioner asserts two grounds for relief in the instant § 2254 Petition: "Trial Counsel was ineffective for failing to amend and perfect my Post Conviction Application," Petition, ECF No. 1, p. 5, and "Trial Counsel failed to instruct the Court I was Mentally Incompetent," Petition, ECF No. 1, p. 6. Petitioner additionally alleges, in an attachment to his Form AO 241, that both his trial and PCR counsel were ineffective. See Petition, ECF No. 1, p. 15-18. Petitioner alleges that his trial counsel "made client waive his claim of (Insanity) or (Guilty but Mentally Ill Defense) by letting client plead guilty to the charges before him." Petition, ECF No. 1, p. 17. Petitioner alleges that his PCR counsel "was Ineffective for failing to amend to my PCR application of (2009). Violating clients Sixth (6th) and Fourteenth (14th) Amendment by not assisting with clients claims." Petition, ECF No. 1, p. 15.

## DISCUSSION

The § 2254 Petition filed in this case should be dismissed because it plainly appears that Petitioner has not fully exhausted his state court remedies. With respect to his January 2009 Clarendon County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas



4

corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b);[1] Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) [exhaustion also required under 28 U.S.C. § 2241]. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their

---

[1]    Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

5

interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden).

The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted). This doctrine requires that, before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court with appellate jurisdiction to consideration the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) [state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition]; Picard v. Connor, 404 U.S. at 270, 276 (1971). Therefore, Petitioner must seek state appellate review of his PCR denial before he can be said to have exhausted his available state court remedies. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977).

Review of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari as provided under Rule 243 of the South Carolina Appellate Court Rules ("SCACR") and S.C. Code § 17-27-100.[2] Such review must be sought and completed by a state

---

[2] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 243(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850 (S.C. 2002); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (S.C. 1990). In McKennedy, the South Carolina Supreme Court specifically held that In re Exhaustion had placed



6

prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default.[3] See Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Although the deadline for Petitioner to appeal the denial of his PCR application has passed, Petitioner still "has the right under the law of the State to raise . . . the question presented" here. See 28 U.S.C. § 2254(c). In Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (S.C. 1991), the South Carolina Supreme Court held that "a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 337 S.C. 256, 523 S.E.2d 753 (S.C. 1999) (citing Austin); see also King v. State, 308 S.C. 348, 417 S.E.2d 868 (S.C. 1992) [explaining the appellate procedure in an Austin matter]; Aice v. State, 305 S.C. 448, 452, 409 S.E.2d 392, 395 (1991) [every PCR applicant is entitled to "one bite at the apple," i.e. a full adjudication on the

---

discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to O'Sullivan [ v. Boerckel, 526 U.S. 838 (1999)]." McKennedy, 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

[3] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, or where the state has unconditionally waived exhaustion, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722 735 n.1 (1991); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) cert. denied, 519 U.S. 1103 (1997). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman 501 U.S. at 750.

7

merits, which includes the right to appeal the denial of a PCR application and the right to assistance of counsel in the appeal].

The undersigned notes that in Ferguson v. State, 382 S.C. 615, 677 S.E.2d 600 (S.C. 2009), the South Carolina Supreme Court held that if a PCR applicant demonstrates that his mental incompetence prevented a timely filing, then tolling of the PCR limitation period is warranted, while in White v. State, 263 S.C. 110, 208 S.E.2d 35 (S.C. 1974), the South Carolina Supreme Court held that, where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appeal rights, the applicant may petition the South Carolina Supreme Court for a belated appeal to review issues that could have been raised on direct appeal, to determine if there was reversible error. See White, 208 S.E.2d at 39-40; SCACR 243(I). Thus, pursuant to well-settled South Carolina law, the state court corrective process is still available to Petitioner, and must be exhausted before Petitioner's claims can be heard in this Court.[4] To seek a belated or new appeal of the denial of his PCR application, Petitioner should file a petition for writ of certiorari to the South Carolina Supreme Court.

## RECOMMENDATION

Because it is clear from the face of the pleadings that Petitioner has viable state court remedies (appellate review of PCR belated appeal) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. See

---

[4]With respect to Petitioner's claims that his trial counsel and PCR counsel failed to perfect Petitioner's direct appeal and PCR, the United States Supreme Court recently reiterated that attorney error on direct review may provide cause for a procedural default, and also that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." Martinez v. Ryan, 132 S.Ct. 1309 (2012). However, this holding was specifically limited to "initial-review collateral proceedings," not appellate PCR proceedings. Id. at 1320.

8

Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981) ["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."]. Therefore, the undersigned recommends that the instant § 2254 Petition be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

September 25, 2013    Bristow Marchant
Charleston, South Carolina    United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



10