IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles E. Junious, ) | No. 9:13-cv-1948-RMG |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Warden Michael McCall, *Lee Correctional Institution*, ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss this action without prejudice. (Dkt. No. 18). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Charles E. Junious ("Petitioner"), a state prisoner proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of this pro se petition pursuant to the Rules Governing Section 2254 proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Magistrate Judge then

1

issued the present R&R recommending the Court dismiss this action without prejudice because Petitioner had not yet exhausted his state court remedies. (Dkt. No. 18).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

Upon review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. As noted by the Magistrate Judge, a petitioner must first exhaust his state court remedies before filing a habeas petition under 28 U.S.C. § 2254. 28 U.S.C. § 2254(b). Here, Petitioner has not yet sought appellate review of his state PCR denial, which is a requirement for his state remedies to be considered "exhausted" by this Court. Petitioner does not contest this finding, but rather asks the Court for an extension of time to allow him to seek the necessary appellate review. (Dkt. No. 21). However, the Court should not retain a habeas petition pending exhaustion absent special circumstances. *See Golloway v. Stepheson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981). Petitioner has not pointed to any special circumstances, and the Court finds that none exist here.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 18). Accordingly, the Court dismisses this petition without prejudice and denies Petitioner's motion for extension of time (Dkt. No. 21).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 21, 2013
Charleston, South Carolina